**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT**

*ELECTRONICALLY FILED*

| | |
|---|---|
| JILL DIPPOLITO ) | |
| ) | |
| PLAINTIFF ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | |
| COVETRUS, INC. ) | |
| ) | Removed from: |
| DEFENDANT ) | Shelby Circuit Court, Div. One |
| ) | Case No. 23-CI-00029 |
| ) | |

**NOTICE OF REMOVAL**

Defendant Covetrus, Inc. ("Covetrus"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby notifies this Court of its removal of the above-captioned action, currently pending as Civil Action No. 23-CI-00029 in Shelby Circuit Court, to the United States District Court for the Eastern District of Kentucky, Central Division at Frankfort. As grounds for removal, Covetrus states as follows:

1. On January 18, 2023, Plaintiff Jill Dippolito ("Dippolito") filed a Complaint in the Commonwealth of Kentucky, Shelby Circuit Court, styled *Jill Dippolito v. Covetrus, Inc.*, Case No. 23-CI-00029. In her Complaint, Plaintiff asserts claims of sex discrimination, hostile work environment, and retaliation under KRS Chapter 344 against Covetrus.

2. Plaintiff is a resident of Shelby County, Kentucky. (*See* Complaint at ¶ 2). Covetrus is a Delaware corporation with its principal place of business located at 1 Custom House Street, Portland, Maine 04101. (*Id.* at ¶ 3). Thus, complete diversity of citizenship exists between all parties.

3.  Covetrus was served by certified mail on January 24, 2023. (*See* Service of Process, attached hereto as **Exhibit 1**).

4.  Covetrus was not served with any other paper, pleading, or orders in this matter and has not filed any paper or pleading in the state court action.

5.  This Notice of Removal is timely under 28 U.S.C. § 1446 in that Covetrus filed it within thirty days of the date of service.

6.  In determining whether the amount in controversy is satisfied, the court need only be convinced that it is more likely that the amount at issue exceeds $75,000. *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769-770 (6th Cir. 2009) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)).

7.  Dippolito brings claims for hostile work environment and retaliation based on sex. (Compl. ¶¶ 12-20). Dippolito alleges that she is owed lost wages and benefits, as well as compensation for "mental anguish, embarrassment and humiliation." (Compl. ¶¶ 14-15; 19-20).

8.  Dippolito avers in her Complaint that she was "a very successful sales representative." (Compl. ¶ 8). She was a well-compensated employee, with annual earnings in excess of the jurisdictional threshold of this Court, and, as a result, her alleged compensatory damages are likely substantial. Dippolito does not limit her alleged damages to an amount less than $75,000, exclusive of interest and costs, anywhere in the Complaint. Therefore, based on the nature of Dippolito's alleged substantial and ongoing injuries and the available damages under the law, the amount in controversy in this case exceeds the $75,000 jurisdictional minimum.

9.  Moreover, Dippolito seeks recovery of attorneys' fees, which also are included in the amount in controversy calculation "where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (citation

omitted). Dippolito brought her claims under the Kentucky Civil Rights Act, which permits the recovery of reasonable attorneys' fees, if she prevails. KRS 344.450. Thus, potential attorneys' fees are included in the calculation for the amount in controversy analysis.

10.     Therefore, based on Dippolito's former earnings while employed by Covetrus and her demand for compensatory damages, emotional distress damages, and attorneys' fees, a reasonable and fair reading of the Complaint demonstrates the claimed damages at issue more likely than not exceed $75,000.

11.     As such, this action is removable because the parties are citizens of different states and the expected amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     The Shelby Circuit Court is located within the Eastern District of Kentucky and within the Central Division at Frankfort of that Court.

13.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings filed in the record in the Shelby Circuit Court are attached as **Exhibit 1**.

14.     The above described action is one which may be removed by Covetrus pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441 on the basis of diversity jurisdiction.

15.     Given the facts and circumstances set forth above, this constitutes an action which originally could have been brought before this Court pursuant to 28 U.S.C. § 1332, and which Covetrus may remove pursuant to 28 U.S.C. § 1441(a).

16.     Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place, Shelby County, Kentucky, where the action is pending. The Central Division at Frankfort is the proper division within the district pursuant to Local Rule 3.1(a)(2).

17.     This action is not an action described in 28 U.S.C. § 1445.

18.    A true and accurate copy of this Notice of Removal has been filed with the Clerk of the Commonwealth of Kentucky, Shelby Circuit Court, as required by law.

19.    Covetrus reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

20.    Covetrus reserves all defenses and objections available under the applicable law and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

**WHEREFORE**, Defendant Covetrus requests that this action be removed from the Commonwealth of Kentucky, Shelby Circuit Court, to the United States District Court for the Eastern District of Kentucky, Central Division at Frankfort.

Respectfully submitted,

*/s/ Rudy J. Ellis III*
Robert C. Rives, IV
Rudy J. Ellis III
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
(502) 581-8000
robert.rives@dinsmore.com
rudy.ellis@dinsmore.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

  On February 23, 2023 I electronically filed the foregoing document through the CM/ECF system, which will send notification of such filing to the attorney(s) of record.

Thomas R. Coffey
401 South 4th Street, Suite 1200
Louisville, KY 40202
(502) 589-2780
*Counsel for Plaintiff*

             */s/ Rudy J. Ellis III*
             *Counsel for Defendant*