**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT FRANKFORT**

*ELECTRONICALLY FILED*

| | | |
|---|---|---|
| JILL DIPPOLITO<br><br>PLAINTIFF<br><br>v.<br><br>COVETRUS, INC.<br><br>DEFENDANT | ) | Civil Action No. 3:23-CV-00009-GFVT<br><br>Removed from:<br>Shelby Circuit Court, Div. One<br>Case No. 19-CI-00029 |

# ANSWER

Defendant Covetrus, Inc. ("Covetrus"), by counsel, states as follows in Answer to Plaintiff Jill Dippolito's Complaint:

1. The allegations in Complaint Paragraph 1 state a legal conclusion; therefore, no response is required. To the extent a response is required, Covetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 1 and, therefore, denies them.

2. Covetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 2 and, therefore, denies them.

3. In response to Complaint Paragraph 3, Covetrus states that its Corporate Headquarters are located at 12 Mountfort St, Portland, ME 04101. Covetrus denies any allegations of Complaint Paragraph 3 not specifically admitted herein.

4. In response to Complaint Paragraph 4, Covetrus states it is an animal-health technology and services company, which offers products, software, and services intended to

support the companion, equine, and large animal veterinary markets. Covetrus denies any allegations of Complaint Paragraph 4 not specifically admitted herein.

5. In response to Complaint Paragraph 5, Covetrus states it employs approximately 93 employees in Kentucky and 3,150 employees nationally. Covetrus denies any allegations of Complaint Paragraph 5 not specifically admitted herein.

6. The allegations in Complaint Paragraph 6 state a legal conclusion; therefore, no response is required. To the extent a response is required, Covetrus is without knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 6 and, therefore, denies them.

7. Covetrus admits the allegations contained in Complaint Paragraph 7.

8. Covetrus admits the allegations in Complaint Paragraph 8 to the extent it alleges that Plaintiff was employed as a sales representative and attended functions at Covetrus' request. Covetrus denies the remaining allegations in Complaint Paragraph 8 not specifically admitted herein.

9. In response to Complaint Paragraph 9, Covetrus admits that it became aware of text messages between Antonio Parenti and Plaintiff as a result of an internal investigation following a report by Plaintiff, but denies the characterization of the messages in the Complaint as the text messages speak for themselves.

10. In response to Complaint Paragraph 10, Covetrus admits that Plaintiff made a report regarding behavior by her supervisor after Covetrus was already in the process of investigating Plaintiff for improperly manipulating sales information for financial gain. Covetrus denies any remaining allegations in Complaint Paragraph 10 not specifically admitted herein.

11. Covetrus denies the allegations in Complaint Paragraph 11.

**COUNT I**

12. Covetrus denies the allegations in Complaint Paragraph 12 to the extent it alleges discrimination by Covetrus. The remaining allegations in Complaint Paragraph 12 state a legal conclusion; therefore, no response is required. To the extent a response is required, Covetrus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Complaint Paragraph 12 and, therefore, denies them.

13. Covetrus denies the allegations in Complaint Paragraph 13.

14. Covetrus denies the allegations in Complaint Paragraph 14.

15. Covetrus denies the allegations in Complaint Paragraph 15.

**COUNT II**

16. Covetrus denies any allegations in Complaint Paragraph 16 to the extent it alleges discrimination by Covetrus. The remaining allegations in Complaint Paragraph 16 state a legal conclusion; therefore, no response is required. To the extent a response is required, Covetrus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Complaint Paragraph 16 and, therefore, denies them.

17. The allegations in Complaint Paragraph 17 state a legal conclusion; therefore, no response is required. To the extent a response is required, Covetrus denies the allegations contained in Complaint Paragraph 17.

18. Covetrus denies the allegations in Complaint Paragraph 18.

19. Covetrus denies the allegations in Complaint Paragraph 19.

20. Covetrus denies the allegations in Complaint Paragraph 20.

**REQUESTED PRAYER FOR RELIEF**

Covetrus denies Plaintiff is entitled to any relief sought in the Complaint's "WHEREFORE" clause. Covetrus denies that it is liable to the Plaintiff for any alleged damages, including, but not limited to, past and future lost wages, past and future lost benefits, compensatory damages, emotional distress damages, damages for mental anguish, humiliation, embarrassment, consequential damages, liquidated damages, punitive damages, attorneys' fees, statutory interest, costs, any equitable relief, or any additional expenses or claimed damages. Further, Covetrus asserts that Plaintiff is not entitled to a trial by jury, as Plaintiff unambiguously waived this right as a condition of her employment.

**AFFIRMATIVE AND OTHER DEFENSES**

1. All or some of Plaintiff's claims are insufficiently pled.

2. The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

3. Plaintiff waived all or some of her claims and, therefore, any relief is barred.

4. Relief is barred to the extent Plaintiff failed to mitigate her damages, if any.

5. The damages sustained by Plaintiff, if any, were the result of her own actions or omissions or the actions or omissions of a third party or third parties over whom Covetrus had no control.

6. Plaintiff's alleged damages are speculative and, therefore, unavailable as a matter of law.

7. Plaintiff was an at-will employee.

8. Covetrus acted in good faith in a legitimate, non-discriminatory and non-retaliatory manner at all times, and based its decisions on legitimate, non-discriminatory and non-retaliatory

business reasons.

9. Covetrus is an equal opportunity employer that does not discriminate or retaliate against any individual based upon any unlawful factor.

10. To the extent that any of the alleged conduct occurred, such conduct was without the knowledge of Covetrus and was in direct violation of its policies and rules.

11. To the extent that any of the alleged conduct occurred, such conduct does not constitute a violation of the Kentucky Civil Rights Act or any other law of the Commonwealth of Kentucky or United States of America.

12. Plaintiff failed to establish the existence of a causal relationship between any alleged tangible employment action and any protected characteristic or activity.

13. Covetrus is entitled to all defenses and immunities available under federal and state constitutional, statutory, and decisional law, including, but not limited to, any and all defenses listed in Rules 8 and 12 of the Federal Rules of Civil Procedure.

14. To the extent that an unlawful employment action occurred (an allegation which Covetrus denies), the same action would have been taken in the absence of any unlawful motivating factor.

15. To the extent Plaintiff suffered improper treatment, if any, Covetrus exercised reasonable care to prevent and timely correct any such behavior, and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Covetrus, or failed to avoid harm otherwise.

16. Punitive damages are not recoverable under the Kentucky Civil Rights Act.

17. The Complaint fails to state a cause of action against Covetrus for punitive damages.

18. Plaintiff's claim for punitive damages against Covetrus cannot be sustained because any award of punitive damages would violate Covetrus' due process rights guaranteed by the United States Constitution and the Kentucky Constitution.

19. Plaintiff's claims for punitive damages cannot be sustained because they do not satisfy the statutory or common law prerequisites for punitive damages.

20. Plaintiff is not entitled to an award of attorneys' fees, costs, or expenses because she will not be a prevailing party under any provision of law authorizing the award of attorneys' fees, costs, or expenses to her.

21. Plaintiff waived her right to a jury trial as a condition of her employment. Plaintiff is therefore not entitled to a trial by jury.

22. Covetrus reserves the right to amend its Answer to assert additional affirmative defenses that become known or ascertained through the course of discovery.

**WHEREFORE**, having answered and responded to the allegations of the Complaint, Covetrus respectfully requests that:

1. Plaintiff's claims be dismissed with prejudice in their entirety;
2. Each and every prayer for relief in the Complaint be denied;
3. Judgment be entered in favor of Covetrus as to all Counts;
4. All costs be awarded to Covetrus and against Plaintiff pursuant to applicable laws; and
5. Such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

Defendant Covetrus, Inc. ("Covetrus"), states as follows for its Counterclaim against Plaintiff / Counterclaim Defendant Jill Dippolito ("Plaintiff"):

## PARTIES

1. Covetrus is, and was throughout the course of Plaintiff's employment by Covetrus, a Delaware corporation. Its principal office is currently located at 12 Mountfort St, Portland, ME 04101.

2. According to her Complaint, Plaintiff is, and was throughout the course of her employment by Covetrus, a resident of Shelby County, Kentucky.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court, as the amount in controversy of the claims exceeds the sum of $75,000.00, exclusive of interest and costs, and involve an actual controversy between the parties.

4. This Court has subject matter jurisdiction, as well as supplemental jurisdiction, over the claims presented in this case.

5. Venue is proper in the United States District Court for the Eastern District of Kentucky, Central Division at Frankfort as all relevant actions occurred within the jurisdictional parameters of the Court.

## FACTUAL ALLEGATIONS

6. In early October 2022, Covetrus identified that Plaintiff, a Covetrus employee, moved several current eVetPractice customers to new Pulse SKUs, resulting in a downgrade of the accounts in revenue.

7. Covetrus discovered that Plaintiff downgraded customer accounts by enrolling customer accounts at a lower pricing tier than appropriate for the number of account users,

enrolling accounts as a mobile practice when actually a brick and mortar, which resulted in reducing accounts by an average of approximately $50 per month.

8. Plaintiff undertook these actions in order to falsely increase her compensation by Covetrus as a result of a Covetrus sales promotion from July 2022 to September 2022.

9. Plaintiff continued to downgrade accounts even after the promotion came to an end and had been instructed to cease such actions by Covetrus.

10. Plaintiff received an additional estimated $12,075.00 in compensation and benefits from Covetrus as a result of her incorrect client enrollments.

11. After discovery of these issues in October 2022, Covetrus investigated Plaintiff's behavior. Covetrus determined that Plaintiff's behavior constituted misconduct and insubordination.

12. Plaintiff's actions violated Covetrus' policies and Code of Conduct.

13. Covetrus is entitled to recover against Plaintiff sums paid to her as compensation and benefits as a result of her unauthorized and fraudulent account downgrades.

## COUNT I
## UNJUST ENRICHMENT

14. Covetrus re-alleges and incorporates by reference its Answer to Plaintiff's Complaint, the Affirmative Defenses set forth above, and all previous Paragraphs of this Counterclaim as if fully set forth herein.

15. Plaintiff was unjustly enriched, to the Covetrus' detriment, through Plaintiff's intentional and fraudulent conduct.

16. Plaintiff lacks justification for her actions and fraudulent conduct.

17. Plaintiff is liable to Covetrus under the doctrine of unjust enrichment.

18. At all relevant times, Plaintiff knew of her fraudulent conduct and the compensation and benefits conferred on her by Covetrus resulting therefrom.

19. Plaintiff's retention of fraudulently obtained compensation and benefits under these circumstances violate fundamental principles of justice, equity, and good conscience.

20. As a direct and proximate result of Plaintiff's fraudulent conduct, she was unjustly enriched to Covetrus' detriment and Covetrus suffered damages.

**COUNT II**
**CONVERSION**

23. Covetrus restates and incorporates by reference its Answer to Plaintiff's Complaint, the Affirmative Defenses set forth above, and all previous Paragraphs of this Counterclaim as if fully set forth herein.

24. Covetrus had legal title to the compensation and benefits conferred to Plaintiff as a result of Plaintiff's improper and fraudulent actions and conduct.

25. Plaintiff's continued possession and retention of that compensation and benefits constitutes Plaintiff's conversion of Covetrus' property.

26. As a direct and proximate result of Plaintiff's conversion, Covetrus suffered damages.

**COUNT III**
**FRAUDULENT MISREPRESENTATION**

27. Covetrus incorporates by reference its Answer to Plaintiff's Complaint, the Affirmative Defenses set forth above, and all previous Paragraphs of this Counterclaim as if fully set forth herein.

28. Plaintiff knowingly and/or recklessly made false representations to Covetrus.

29. Plaintiff intended for Covetrus to rely on her fraudulent representations.

30. Covetrus relied on Plaintiff's fraudulent misrepresentations to its detriment.

31. As a direct and proximate result of Plaintiff's fraudulent misrepresentations, Covetrus suffered damages.

**COUNT IV**
**INDEMNITY/ CONTRIBUTION**

32. Covetrus incorporates by reference its Answer to Plaintiff's Complaint, the Affirmative Defenses set forth above, and all previous Paragraphs of this Counterclaim as if fully set forth herein.

33. Should it be determined that Covetrus is liable for the actions of Plaintiff concerning her fraudulent activities, Plaintiff is liable to Covetrus for any sums for which it may be adjudged liable to secure recovery for damages by way of indemnity (or alternatively, if appropriate, contribution), whether based on law, statute, equity, or otherwise.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Covetrus demands as follows:

1. That Plaintiff's Complaint be dismissed, with prejudice, and Plaintiff take nothing thereby;

2. That a judgment be entered in favor of Covetrus against Plaintiff, as well as any other damages, as a result of the subject incidents;

3. That Covetrus recover compensation and benefits paid to Plaintiff as a result of Plaintiff's fraudulent and improper actions and conduct;

4. That Covetrus recover its billable costs expended; and

5. That Covetrus be awarded any other relief to which it appears entitled.

Respectfully submitted,

*/s/ Rudy J. Ellis III*

Robert C. Rives, IV
Rudy J. Ellis III
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
(502) 581-8000
robert.rives@dinsmore.com
rudy.ellis@dinsmore.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

On March 2, 2023 I electronically filed the foregoing document through the CM/ECF system, which will send notification of such filing to the attorney(s) of record.

Thomas R. Coffey
401 South 4th Street, Suite 1200
Louisville, KY 40202
(502) 589-2780
*Counsel for Plaintiff*

*/s/ Rudy J. Ellis III*
*Counsel for Defendant*